UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH TERRELL, | § | |
| TDCJ-CID NO.826048, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-06-2025 |
| | § | |
| DOUGLAS CASTLEBERRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION ON PARTIAL DISMISSAL

Plaintiff Kenneth Terrell, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983.  (Docket Entry No.1). Defendant Patrick O. Spillar, has filed a motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket Entry No.18).  Plaintiff has not filed a response to the motion.  For the reason to follow, the Court will grant defendant Spillar's motion for partial dismissal.

## DISCUSSION

Plaintiff alleges that defendant Spillar was the "look-out" for ranking officers at the main gate while other correctional officers assaulted plaintiff in his cell.  (Docket Entries No.1, No.7). Plaintiff seeks compensatory relief for his alleged injuries.  (*Id.*).

Defendant Spillar moves to dismiss plaintiff's complaint, in part, on the ground that plaintiff's pleadings do not state a claim that can overcome Spillar's entitlement to Eleventh Amendment immunity.  (Docket Entry No.18).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for

"failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6 ).  A court considers two primary principles in determining whether to grant a dismissal under Rule 12(b)(6). First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.,* 30 F.3d 627, 629 (5th Cir. 1994). Conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379 (5th Cir. 2003).

Suits for damages against the state are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).  Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993).  This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 89 (1982). To the extent plaintiff sues defendant Spillar for damages in his official capacity, as an employee of TDCJ-CID, plaintiff's claims are barred by the Eleventh Amendment.  Therefore, he fails to state a claim against defendant Spillar in Spillar's official capacity.

<u>CONCLUSION</u>

Based on the forgoing, the Court ORDERS the following:

1.  Defendants' motion for partial dismissal (Docket Entry No.18) is GRANTED.

2.    All claims against defendant Spillar in his official capacity are
       DISMISSED.

The Clerk will provide copies to the parties.

IT IS SO ORDERED.

SIGNED at Houston, Texas, this 29th day of June,  2007.


Melinda Harmon
United States District Judge