IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH TERRELL, | } | |
| TDCJ-CID NO. 826048, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION NO. H-06-2025 |
| | } | |
| DOUGLAS CASTLEBERRY, *et al.*, | } | |
| Defendants. | } | |

OPINION ON PARTIAL DISMISSAL

Plaintiff Kenneth Terrell, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 (Docket Entry No.1) and a more definite statement of his claims. (Docket Entry No.7). Defendant Patrick O. Spiller has filed a motion for summary judgment (Docket Entry No.31), to which plaintiff has filed a response. (Docket Entry No.37). Defendants Douglas Castleberry and Brett Veith and defendant Benjamin Ferguson have also filed motions for summary judgment. (Docket Entries No.43, No.47). Plaintiff has not filed a response to their motions. For the reasons to follow, the Court will grant, in part, and deny, in part, defendants' motions for summary judgment.

BACKGROUND

Plaintiff alleges that the following events took place on the Wynne Unit of TDCJ-CID and gave rise to the pending civil rights complaint:

On November 6, 2004, Correctional Officer Brett M. Veith came to plaintiff's cell to take him to recreation. (Docket Entry No.1). Once plaintiff was cuffed through the tray slot,

1

Veith ordered plaintiff to turn around and back out of the cell. (*Id*.). Veith then opened the cell door and without provocation, picked plaintiff up and slammed him onto a steel bunk. (*Id*.). Officer Douglas Castleberry banged plaintiff's head on the wall; Castleberry then jabbed his fingers up plaintiff's rectum and squeezed plaintiff's testicles until plaintiff lost his voice. (*Id*.). Castleberry punched plaintiff until Castleberry tired. Castleberry then told Veith to turn plaintiff's head and to hold it still. Castleberry emptied a can of chemical agent in plaintiff's eyes and up his nose and mouth. (*Id.*).

Plaintiff alleges that Officer Benjamin Ferguson stood outside the cell as a lookout and back-up while Officer Patrick O. Spiller stood at the main gate watching the hall way and captain's office as the assault took place. (Docket Entries No.1, No.7). Plaintiff further alleges that Sgt. Parker left his post at the main gate to allow the officers the opportunity to beat up plaintiff.[1] (*Id*.).

Plaintiff was convicted of a disciplinary violation for which he received fifteen days special cell restriction. (Docket Entry No.7). He claims the OIG investigator promised to have the case removed from his record because the officers lied about their involvement. (*Id.*).

Plaintiff claims that his head and face were swollen for days and that he continued to cough up blood for at least a month. He further claims that his voice has not been the same since chemical agents were used. (*Id.*). He sought medical attention but was given only some type of pain medication. (*Id*.).

Plaintiff seeks compensatory damages for his alleged injuries and to have the defendants prosecuted for criminal assault.

---

[1] The Court did not order Sgt. Parker be served with process.

Defendants move for summary judgment on grounds that they are entitled to Eleventh Amendment immunity[2] and qualified immunity. (Docket Entries No.31, No.43, No.47). Defendants further contend that plaintiff has failed to show the existence of a material fact issue on his Eighth Amendment claims of excessive force because he did not suffer a compensable physical injury. (*Id.*).

## STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## DISCUSSION

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law. 42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source

---

[2] The Court previously dismissed claims against defendant Spiller on Eleventh Amendment grounds. (Docket Entry No.39).

of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States. *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986).

## Eleventh Amendment Immunity

Defendants move for summary judgment on the ground that they are entitled to Eleventh Amendment immunity on claims for which plaintiff seeks monetary damages. (Docket Entries No.31, No.43, No.47). Suits for damages against the state are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 89 (1982). To the extent plaintiff sues defendants for damages in their official capacities, as employees of TDCJ-CID, plaintiff's claims are barred by the Eleventh Amendment. Accordingly, defendants are entitled to summary judgment on this ground.

Qualified Immunity

Defendants also move for summary judgment on the ground that they are entitled to qualified immunity. (Docket Entries No.31, No.43, No.47). Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992).

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the allegations establish a constitutional violation, the court next considers whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002). Even so, on summary judgment, the court must look to the evidence before it in the light most favorable to the plaintiff when conducting a qualified immunity inquiry. *Id.* at 323.

Excessive Force

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 5, (1992). When an inmate has alleged that a prison official used excessive force, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force [by a prison guard] was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks omitted). These factors are not exclusive, and each case must be judged on its own facts. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Defendants contend they are entitled to summary judgment because the probative evidence shows that plaintiff suffered no injury or no more than a *de minimis* injury from the alleged use of force. (Docket Entries No.31, No.43, No.47). Defendants support such contention by the affidavit of Dr. Bobby Vincent, and selections from plaintiff's medical records and the Use of Force Report.[3] Plaintiff maintains that his medical records do not reflect a physical injury because he was given only a cursory examination. (Docket Entry No.37).

---

[3] Dr. Bobby Vincent attests by affidavit that after reviewing plaintiff's medical records, he found no evidence to support plaintiff's claims that his injuries were caused by the major use of force on November 6, 2004. (Docket Entries No.31, No.43, No.47, Exhibit A). According to Vincent, plaintiff's medical chart shows that on November 6, 2004, the nursing staff was called to administrative segregation for gassing and that the plaintiff appeared to be in no distress. (*Id.*). Vincent attests that medical notes reflect that plaintiff's face and chest were covered with orange spray and that he complained of chest pain and that the officers had kicked him in the ribs. (*Id.*). Plaintiff also complained that he was spitting up blood. (*Id.*). Medical staff found no evidence of blood and no evidence of tenderness to palpation of his rib cage. (*Id.*). In fact, no visible injuries were noted. Fifteen minutes later, nursing

Whether an injury constitutes a serious or a *de minimis* physical injury is determined in no small part by the nature of the use of force itself. Courts look to the seriousness of the injury as only one factor, among many, useful to determine whether the use of force evinces the wantonness and maliciousness needed to violate the Constitution. *Hudson*, 503 U.S. at 7. Only where the injury and the corresponding use of force are extremely minor, such as a prison guard twisting and inmate's ear and causing a bruise, will courts exclude a plaintiff from constitutional protection. *See Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (bruise caused by having ear twisted insufficient for Eighth Amendment purposes).[4]

---

staff followed up with plaintiff and found him to be yelling at other offenders with no evidence of shortness of breath. (*Id*.). Plaintiff told the nursing staff that he was probably spitting up gas spray and not blood. (*Id*.).

According to Vincent, on November 17, 2004, the next date plaintiff was seen by medical staff, he complained of upper back and neck problems from a use of force that included a knee in his back and neck. (*Id*.). Medical staff noted upon examination that plaintiff's neck had a fair range of motion and no deformities. They further noted that his range of motion was good when he was distracted. (*Id*.). Medical staff diagnosed him with a minor neck strain and issued Tylenol. (*Id*.).

Vincent attests that plaintiff's next chart entry on December 10, 2004, shows that he requested sinus tablets and told staff that he never missed his blood pressure medication. (*Id*.). His next visit to the clinic was on January 5, 2005, when he requested a clipper shave pass, medication for a skin fungus, and complained of chronic nasal congestion. Vincent attests that he found no chart evidence of any other complaints related to the use of force on November 6, 2004. (*Id.*). He attests that plaintiff's medical records do not support his allegation that he spit up blood for a month or that plaintiff sought medical treatment with respect to that complaint. (*Id*.). Likewise, Vincent attests, plaintiff's medical records do not show that he complained of, or was treated for, a hoarse voice from the chemical agents or any head or facial swelling. (*Id*.). The selected medical records attached to defendants' motions for summary judgment support Dr. Vincent's affidavit. (*Id*., Exhibit C). Likewise, the Employee/Offender Use of Force Injury Report dated November 6, 2004, signed by M. Austin, reflects that plaintiff complained of injures and was examined by medical staff but he sustained no injuries during the use of force. (*Id.*, Exhibit B).

[4] In *Brown*, the Fifth Circuit addressed a defendant's argument that the plaintiff's injures were not severe enough to support an excessive force claim. The *Brown* court cautioned that the Fifth Circuit "has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim." *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006). The Fifth Circuit explained its reasoning, as follows:

> The Supreme Court in *Hudson* was concerned with a *de minimis* use of force showing not a *de minimis* injury. Nonetheless, this Circuit has on occasion referred to *de minimis* injuries, although only with the caveat that when the force is 'repugnant to the conscience of mankind' the gravity of the injury *may be* irrelevant.

In this case, plaintiff fails to overcome defendants' summary judgment evidence, *i.e.*, Dr. Vincent's expert opinion and selected medical records and the one-page Employee/Offender Use of Force Report, regarding the extent of his injuries. Plaintiff's pleadings, however, give rise to a fact issue with respect to the remaining *Hudson* factors. Defendants did not submit any probative summary judgment evidence by affidavit or the Use of Force Report that would show the nature of the force exerted or any other factors useful to determine whether the force utilized was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.

Rule 56(e) of the Federal Rules of Civil Procedure requires declarations offered in support of summary judgment to be based on personal knowledge. FED. R. CIV. P. 56(e); *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir. 1992). A declarant must provide evidence to establish that he has personal knowledge of the facts stated. FED. R. CIV. P. 56(e) (requiring declaration to "show affirmatively that the affiant is competent to testify on the matters therein"); FED. R. EVID. 602. Thus, a court may strike any affidavit that is not based on personal knowledge. *Akin*, 959 F.2d at 530. The Court finds that portions of Dr. Vincent's affidavit fail to establish that he has personal knowledge of the events and circumstances surrounding the use of force on November 6, 2004. (Docket Entries No.31, No.43, No.47, Exhibit A, pages 2-6). Therefore, Vincent's attestations on these pages regarding the use of force do not constitute competent and probative summary judgment evidence.[5] Accordingly, the Court will not consider

---

*Id*. at 386, n. 1 (original emphasis). Although the Fifth Circuit recognized a certain degree of ambiguity in the case law as to whether a plaintiff must prove more than a *de minimis* injury in order to state an excessive force claim, it did not resolve the issue in *Brown*.

[5] Because Vincent is qualified as a medical expert, the remaining portion of his affidavit regarding his medical opinion based on his review of plaintiff's medical record is competent summary judgment evidence and therefore, the Court has considered the same in support of defendants' motion for summary judgment.

Vincent's attestations with respect to the same in support of defendants' motions for summary judgment.

On the other hand, plaintiff's pleadings raise serious fact issues with respect to the need for any officer, without provocation, to slam plaintiff onto a steel bunk, bang his head on the wall, jab fingers up his rectum, squeeze his testicles, punch him repeatedly, and empty a can of a chemical agent in his eyes and up his nose and mouth. Viewing such pleadings and the record, in this case, in the light most favorable to plaintiff as the non-movant, a jury could conclude that defendants used significant, if not unnecessary or unreasonable force against plaintiff. *See Brown*, 472 F.3d at 386 (officer was not entitled to qualified immunity where there was evidence he struck a prisoner several times in his back, head and shoulders without provocation). Moreover, without any probative summary judgment evidence regarding the use of force, plaintiff's pleadings give rise to a question of material fact issue regarding the objective reasonableness of the actions of Officers Castleberry and Veith in light of case law previously discussed. Without more, plaintiff's pleadings are sufficient to overcome defendants Castleberry's and Veith's defense of qualified immunity with respect to plaintiff's excessive force claim. Accordingly, Officer Castleberry and Veith are not entitled to summary judgment on qualified immunity grounds. (Docket Entry No.43).

<u>Bystander Liability</u>

Plaintiff's allegations against Officer Spiller and Ferguson also give rise to a violation of plaintiff's Eight Amendment rights by their failure to intervene in the alleged assault. A prison guard has a duty to intervene and attempt to end an assault on an inmate. *Buckner v. Hollins,* 983 F.2d 119, 122 (8th Cir. 1993); *see also Hale v. Townley,* 45 F.3d 914,

919 (5th Cir. 1995) (citing *Smith v. Dooley,* 591 F.Supp. 1157, 1169 (W. D. La. 1984), *aff'd*, 778 F.2d 788 (5th Cir.1985)). The requisite mental state in situations where prison officials do not respond with the physical use of force is that of deliberate indifference. *MacKay v. Farnsworth,* 48 F.3d 491, 493 (10th Cir. 1995). An officer may be liable under Section 1983, under a theory of bystander liability, if he (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act. *Randall v. Prince George's Cty., Md.,* 302 F.3d 188, 203- 04 (4th Cir. 2002). The rationale underlying the bystander liability theory is that a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer. *Id.,* 302 F.3d at 204 n. 24.

      Defendants Spiller and Ferguson do not address bystander liability in their motion for summary judgment except to claim that plaintiff fails to show that they were personally involved in the alleged use of force incident. Defendants also provide no probative summary judgment proof, such as affidavits or the complete Use of Force Report, to show they did not functionally participate in the alleged assault under such theory. (Docket Entries No.31, No.47). Plaintiff's pleadings raise serious fact issues regarding Officers Spiller's and Ferguson's failure to intervene and allege sufficient facts to show that if true, defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *See Smith,* 591 F.Supp. at 1169 (holding that all correctional officers at scene of assault are liable for plaintiff's injuries because none present made any effort to restrain or stop the continued abuse of the plaintiff). Therefore, defendants Spiller and Ferguson are not entitled to qualified immunity or summary judgment on this ground.

Conspiracy

Plaintiff's pleadings further give rise to a claim that defendants Castleberry, Veith, Ferguson, and Spiller engaged in a civil conspiracy to violate plaintiff's Eighth Amendment rights. To establish a § 1983 cause of action based upon conspiracy, a plaintiff must allege facts that, liberally construed, establish (1) defendants' participation in a conspiracy involving state action, and (2) a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992). Plaintiff must also show that the conspirators had an agreement to commit an illegal act that resulted in the plaintiff's injury. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982).

Plaintiff alleges that defendant Ferguson stood watch outside plaintiff's cell as the look-out and back-up to the alleged assault and that defendant Spiller watched the hallway and Captain's office as defendants Castleberry and Veith assaulted him in his cell. (Docket Entry No.7). Plaintiff also alleges that Officer Spiller was the point man; Spiller assigned officers to pull inmates for recreation and made sure that plaintiff was the last inmate to be pulled for recreation. (Docket Entry No.37). Plaintiff further alleges that Spiller was in position to cast a clear signal and to make all necessary adjustments so that the assault could take place. Plaintiff maintains that defendants Veith and Ferguson were a team and that he never saw Castleberry pass his cell with an inmate. (*Id*.). Plaintiff further maintains that Spiller often joked with him about the assault and "wonder[ed] was [sic] I going to let them get away with it." (*Id.*). Plaintiff

Case 4:06-cv-02025   Document 49   Filed in TXSD on 03/12/08   Page 12 of 13

claims after the assault, he was harassed, ridiculed, and mistreated by defendants, although he does not allege any facts to show how and when he was so mistreated. (*Id.*).

Defendants Castleberry and Veith do not address plaintiff's conspiracy allegations. Spiller and Ferguson, however, argue that plaintiff has failed to create a link between their alleged actions as look-outs and his alleged injuries from the use of force. (Docket Entries No.31, No.47). Without some probative summary judgment evidence, defendants fail to contravene plaintiff's factual allegations that give rise to a cognizable conspiracy claim. Moreover, defendants' conduct, if true, was not objectively reasonable in light of law existing at the time of the alleged assault. *See U.S. v. Vaden*, 912 F.2d 780 (5th Cir. 1990) (finding sufficient support for jury's finding in criminal case that officer abandoned prisoner escort to aid other officers in stabbing of inmate). Accordingly, defendants are not entitled to qualified immunity on plaintiff's conspiracy claims.

## Personal Involvement

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

In this case, plaintiff alleges no facts that would give rise to a claim that Sgt. Parker used excessive force against him or that he stood by while other officers assaulted plaintiff. (Docket Entries No.1, No.7, No.37). Although plaintiff alleges that Parker was not at his post during recreation (Docket Entry No.1), and later alleges Parker "had left his post at the

12

main gate to allow this attempt," (Docket Entry No.7), he states no facts to show that Parker agreed to leave his post to allow other officers to assault plaintiff.[6] Without more, plaintiff fails to show that Sgt. Parker engaged in a conspiracy to deprive him of the Eighth Amendment's prohibition against cruel and unusual punishment. Accordingly, plaintiff's claims against Sgt. Parker are conclusory and, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the forgoing, the Court ORDERS the following:

1. Defendants' motions for summary judgment (Docket Entries No.31, No.43, No.47) are GRANTED, in part, and DENIED, in part. Defendants' motions are GRANTED with respect to their claims of Eleventh Amendment immunity and DENIED with respect to their claims of qualified immunity.

2. All claims against defendant Sgt. Parker are DISMISSED with prejudice.

3. All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

IT IS SO ORDERED.

SIGNED at Houston, Texas, this 12th day of March, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[6] In Step 1 Grievance number 2005041920, plaintiff alleges that following the assault, he was dragged out into the run and Sgt. Parker was called to the scene. Plaintiff alleges that Parker told him that Parker took pictures of him and that "he didn't know what happened in [plaintiff's] cell but it didn't look right." (Docket Entry No.1, Attachment).